## Case No. 16,891.

VARNUM et al. v. MILFORD et al.

[4 McLean, 93.] [1]

Circuit Court, D. Indiana. May Term, 1846.

JUDGMENT—ASSIGNMENT AS SECURITY—PRINCIPAL AND AGENT—EXECUTION SALES.

1. A judgment being assigned of five. thousand dollars to secure debts of a much smaller amount, the court will direct the debts to be paid out of the first proceeds of the land sold under the judgment.

2. This appears to be necessary to pay the debts, it not appearing that there is any property out of which the whole amount of the judgment can be made.

3. An agent who has full notice, is sufficient to charge the principal with notice.

[Cited in Goodenough v. Warren, Case No. 5,534.]

[Cited in Cox v. Reynolds, 7 Ind. 262.]

4. An individual purchasing property on judicial sales, under the above judgment, will be compelled to pay the money to the persons for whose security the judgment was assigned.

Ingram & Jones, for plaintiffs.

Mr. Baird, for defendants.

McLEAN, Circuit Justice. The defendants assigned to the plaintiffs a judgment against Worthington, on the 13th October, 1838, in Warren county, Indiana, for upward of five thousand dollars, to pay certain sums due to the plaintiffs, who are citizens of New York.

[1] [Reported by Hon. John McLean, Circuit Justice.]

And this bill is filed to compel the payments of the sums received by the defendants on the judgment after the assignment. The sums intended to be secured by the assignment, were to Varnum & Co. one thousand six hundred eighty dollars and forty-one cents; Richard Kingland & Co. six hundred seventy-six dollars and thirty-two cents; J. C. Baldwin & Co. one hundred thirty-five dollars and seventeen cents. The assignment was made by Milton H. Milford, of so much of the judgment as would pay the plaintiffs' claims. Execution was issued in Warren county, and sales were made to the amount of six hundred forty-six dollars and seventy-nine cents, which was receipted for by Milton H. Milford, in behalf of the plaintiffs, and the deed was made by his order to his father. Robert Milford. Other sales of real estate were made in different counties of the state, and the moneys were paid over to the plaintiffs, and receipted for by them.

It is insisted by the defendants that, as the judgment assigned, exceeded the amount due to the plaintiffs, they were not entitled to the first moneys received under it. That the assignors were entitled to the first receipts on the sales, until the amount of the judgment was reduced to a sum sufficient to cover the amount of the complainants' demand. There is no such condition in the assignment. The judgment was given to pay the debts due the complainants, and it is fair to suppose that the intention of the parties was, to pay the complainants their amount out of the first moneys realized from it. The assignors were trustees for the plaintiffs. It does not appear that the defendants in the judgment have sufficient property in the state, or out of it, to discharge the judgment; and if the complainants were to be postponed, as contended for, the security under the assignment might be of no value. It is contended that Robert Milford, who received the deed for the land in Warren county, had no notice to affect his liability. His son, who acted as his agent, and made the original assignment of the judgment to the plaintiffs, had full notice. Having acted in the matter, no special notice was necessary at the time he made the purchase for his father. He must be held responsible to the plaintiffs for the purchase money. The assignment of the judgment, by which the plaintiffs gave time, released Robert Milford, as indorser on the notes held by the plaintiffs. As all the moneys received under the judgment, were paid over to the complainants, except for the sales of lands in Warren county, conveyed to Robert Milford, the court will dismiss the bill as to the other defendant, and decree that he shall pay to the complainants six hundred ninety-eight dollars and fifty cents, and costs; and that this sum be distributed among the complainants pro rata; and that execution issue, as on a judgment at law.